IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANTHONY JONES, :

    Petitioner, :

v. : CIVIL ACTION 09-0508-CG-M

GRANTT CULLIVER, :

    Respondent. :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be denied as this Court does not have jurisdiction over it, that this action be dismissed, and that judgment be entered in favor of Respondent Grantt Culliver and against Petitioner Anthony Jones on all claims.

Petitioner was convicted of kidnapping, sodomy, and rape, all in the first degree, on May 24, 2001 in the Mobile County Circuit Court for which he received a life sentence without the possibility of parole in the State penitentiary for each conviction (Doc. 4, pp. 1-2; Doc. 13, p. 1). Appeal was made to the Court of Criminal Appeals of Alabama which affirmed the

convictions and sentences (Doc. 4, p. 3); Jones sought *certiorari* in the Alabama Supreme Court, but it was denied (*id.*).

Petitioner filed a habeas petition in this Court on these same conviction on November 30, 2005; a recommendation was entered that the petition be dismissed as the claims therein were barred by the one-year statute of limitations provisions of the Anti-Terrorism and Effective Death Penalty Act of 1966. *Jones v. Culliver*, Civil Action 05-0712-KD-B (S.D. Ala. November 25, 2008) (Doc. 22). On January 9, 2009, U.S. District Judge DuBose adopted the report and recommendation and entered judgment against Jones (*id.* at Docs. 26-27). Petitioner appealed that decision but his motion for a certificate of deniability was denied (*id.* at Doc. 37).

On August 25, 2009, Petitioner filed the current habeas petition, raising a claim that he was denied due process by the State Courts in his Rule 32 petition (Doc. 4). Respondent Answered the Complaint, asserting that this was a successive petition and that Jones had failed to seek approval from the Eleventh Circuit Court of Appeals to file it (Doc. 13).

The Court notes that this Court's review is barred without a certificate from the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b). In an Order instructing Petitioner to address this issue, the Court noted that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court

2

of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (Doc. 14).

The Court notes that Petitioner has provided no evidence that he has been given the authority to file this action (Doc. 15). Because Petitioner has filed a successive habeas petition, without first obtaining authorization from the Eleventh Circuit Court of Appeals to do so, this Court is without jurisdiction to rule on it.

Therefore, it is recommended that this habeas petition be dismissed as this Court does not have jurisdiction to review it.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the

objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 6th day of January, 2010.

    s/BERT W. MILLING, JR.
    UNITED STATES MAGISTRATE JUDGE